FILED
2017 Jun-08  PM 01:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DANTRELL BONNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | |
| **JIM SKINNER FORD, INC.** | ) | |
| **AND RDM AUTOMOTIVE, LLC** | ) | |
| **d/b/a/ IRON CITY FORD** | ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

### I.   INTRODUCTION

1.   This is an action for declaratory judgment and equitable relief, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. §§ 2000e et seq. (hereinafter "Title VII"), and 42 U.S.C. § 1981 (hereinafter "§ 1981") providing for relief against discrimination in employment on the basis of race. The Plaintiff asserts claims for relief for the Defendants' violations of §1981 through 42 U.S.C. §1983 (hereinafter "§1983"). The Plaintiff requests a jury trial on all issues pursuant to the Seventh Amendment of the Constitution of the United States.

## II.   JURISDICTION AND VENUE

2.     Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 2000e-5.

3.     The Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. § 1981 and §1983.   The Plaintiff timely filed this action. Plaintiff has also met all administrative conditions precedent for filing this case under Title VII.   He filed a timely charge with the Equal Employment Opportunity Commission alleging discrimination based on race and filed his original complaint within 90 days of receiving the notice of the right to sue.

4.     The unlawful employment practices alleged herein below were committed by Defendant within Jefferson county within the State of Alabama.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.   PARTIES

5.     Plaintiff Dantrell Bonner, aka Dantrail Bonner (hereinafter "Bonner" or "Plaintiff"), an African-American, is a resident of Jefferson County, Alabama and is over the age of nineteen (19) years.  Mr. Bonner was an employee of Jim Skinner Ford, Inc.  and of Iron City Ford.

6.     Defendant Jim Skinner Ford, Inc. (hereinafter "Skinner Ford" or "Defendant") is a domestic corporation doing business in Alabama, is an employer doing business in this district, and at times relevant to this action, was an employer

of the Plaintiff within the meaning of 42 U.S.C. §2000(e) and is an employer subject to suit under 42 U.S.C. Section 1981, and is a "person" within the meaning of 42 U.S.C. Section 1983 and has more than fifteen (15) employees.

7.      Defendant RDM Automotive, LLC, d/b/a Iron City Ford (hereinafter "Iron City" or "Defendant") is a domestic corporation doing business in Alabama, is an employer doing business in this district, and at times relevant to this action, was an employer of the Plaintiff within the meaning of 42 U.S.C. §2000(e) and is an employer subject to suit under 42 U.S.C. Section 1981, and is a "person" within the meaning of 42 U.S.C. Section 1983 and has more than fifteen (15) employees.

## IV.   CAUSES OF ACTION

8.      Plaintiff is a black male initially hired by Skinner Ford in September 2015 as a Service Advisor.

9.      Plaintiff was the first black to ever be hired as a Service Advisor and remained the only black Service Advisor until his termination on or about July 11, 2016.

10.     When Plaintiff was hired, he was not provided any training; however, Matt Gordon (white), who was hired in approximately October 2015 as a Service Advisor, was provided 30 days of paid training.

11.     Gina Clark (white) and Julian Wall (white), who were hired as Service Advisors in November 2015, were also provided 30 days of paid training.

3

12.     Plaintiff was told that he would have to do any such training on his own time and was denied the paid training time throughout his employment.

13.     Upon completion of training, Service Advisors were allowed to take a test and then were paid commission in addition to their salary.

14.     Plaintiff was denied such commissions throughout his employment.

15.     In December 2015, Matt Gordon and Allie Yaser, both white, informed Plaintiff that they were being paid $750.00 per week as Service Advisors while Plaintiff was paid only $700 per week.

16.     Gordon, Clark and Yaser were all hired after Plaintiff.

17.     To the extent Gordon, Clark and Yaser were hired for a different job than Plaintiff, their hiring was discriminatory and substantially motivated by race.

18.      When Plaintiff complained to Service Director Dave Cenille (white), about the difference in pay, his pay was raised to $750.00 per week.

19.     Plaintiff was not offered any backpay for the difference in pay to the white Service Advisors.

20.     In approximately June 2016, Defendant Iron City acquired or took over the business operations of Defendant Jim Skinner Ford, maintaining the same business location, same management and other indicia of successor liability.

21.     Plaintiff was rehired or retained, as was the management of the service department including Service Director Cenille.

4

22.     Defendant Iron City continued to discriminatorily deny Plaintiff training, commissions, equitable work assignments, vacations and other terms and conditions of employment.

23.     On June 28, 2016, Plaintiff asked Service Director Cenille when he would be able to take vacation. Mr. Cenille told him that he could not take paid vacation until he had been employed for one year.

24.     Matt Gordon was allowed one week off for a family vacation in June 2016, even though Plaintiff had been hired before him and Gordon had not been employed for a year.

25.     Plaintiff was also required to work weekends and holidays while white Service Advisors were given those days off (and paid for said holidays) throughout his employment.

26.     On July 11, 2016, Mr. Cenille informed Plaintiff that he had too many open service tickets.

27.     Cenille then terminated Plaintiff.

28.     White Service Advisors had more open service tickets than Plaintiff and were not terminated.

29.     Plaintiff was replaced by two white Service Advisors; one of whom had started training the very morning Plaintiff was terminated.

30.     At the time of his termination, Plaintiff attempted to explain to Service

Director Cenille that the service tickets were open because customers had declined the service and that the white Service Advisors had many more open service tickets than he did, but Cenille would not view the service log screen(s).

31.     Plaintiff always performed his job duties as well or better than the white Service Advisors.

32.     Defendant Iron City informed the EEOC that Plaintiff quit, rather than their original pretextual reason for his termination.

33.     Defendant Skinner Ford intentionally discriminated against the Plaintiff in pay, training, commissions, work hours and vacation time, as well as other terms and conditions of employment.

34.     Defendant Iron City has successor liability for the actions of Defendant Skinner Ford and independently continued the discrimination in pay, training, commissions, work hours and vacation time, as well as other terms and conditions of employment.

35.     Defendant Iron City discriminated against Plaintiff by terminating him.

36.     Both Defendants engaged in the actions complained of herein willfully with malice and/or with reckless indifference to Plaintiff's federally protected rights.

37.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, equitable relief,

backpay (plus interest), an injunction, and compensatory damages are his only means of securing adequate relief.

38.     Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT I

### Race Discrimination in Violation of
### 42 U.S.C. Sections 1981 and 1983
### By Defendant Jim Skinner Ford

39.     The Plaintiff re-alleges and incorporates by reference paragraphs 1-38 above with the same force and effect as if fully set out in specific detail hereinbelow.

40.     Defendant Jim Skinner Ford is a person within the meaning of §1981 and §1983.

41.     Defendant Jim Skinner Ford's failure to pay Plaintiff the same as white Service Advisors was discriminatory and substantially motivated by his race.

42.     Defendant Jim Skinner Ford's failure to provide Plaintiff training which would have also allowed him to receive commissions, was discriminatory and substantially motivated by his race.

43.     Defendant Jim Skinner Ford's requiring Plaintiff to work weekends and holidays while white Service Advisors were not required to work those hours was

substantially motivated by his race.

44.     To the extent Gordon, Clark and Yaser were hired for a different job than Plaintiff, their hiring was discriminatory and substantially motivated by race.

45.     Defendant Jim Skinner Ford has unlawfully discriminated against the Plaintiff in violation of §1981 and §1983 by the disparate treatment affecting Plaintiff's pay, training, commissions, work schedules, vacations and other terms and conditions of work.

46.     Defendant Jim Skinner Ford did not have a legitimate non-discriminatory reason for its decisions and its conduct outlined above.

## COUNT II

### Race Discrimination in Violation of Title VII
### By Defendant Iron City Ford

47.     The Plaintiff re-alleges and incorporates by reference paragraphs 1-46 above with the same force and effect as if fully set out in specific detail hereinbelow.

48.     Defendant Iron City Ford's failure to pay Plaintiff the same as white Service Advisors was racially discriminatory and substantially motivated by his race.

49.     Defendant Iron City Ford's failure to provide Plaintiff training which would have also allowed him to receive commissions was racially discriminatory and substantially motivated by his race.

50.    Defendant Iron City Ford's requiring Plaintiff to work weekends and holidays while white Service Advisors were not required to work those hours was racially discriminatory and  substantially motivated by his race.

51.    Defendant Iron City Ford's denial of paid vacation to Plaintiff while providing it to white Service Advisors was racially discriminatory and  substantially motivated by his race.

52.    To the extent Gordon, Clark and Yaser were hired for a different job than Plaintiff, their hiring was discriminatory and substantially motivated by race.

53.    Defendant Iron City Ford's termination of Plaintiff was racially discriminatory and substantially motivated by his race.

54.    As set forth above, Defendant Iron City Ford has unlawfully discriminated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended both independently and as the successor to Defendant Jim Skinner Ford.

55.    Defendant Iron City Ford did not have a legitimate non-discriminatory reason for their decisions and their conduct outlined above.

## COUNT III

### Race Discrimination in Violation of
### 42 U.S.C. Sections 1981 and 1983 By Defendant Iron City Ford

9

56.     The Plaintiff re-alleges and incorporates by reference paragraphs 1-55 above with the same force and effect as if fully set out in specific detail hereinbelow. The Plaintiff re-alleges and incorporates by reference paragraphs 1-46 above with the same force and effect as if fully set out in specific detail hereinbelow.

57.     Defendant Iron City Ford's failure to pay Plaintiff the same as white Service Advisors was racially discriminatory and substantially motivated by his race.

58.     Defendant Iron City Ford's failure to provide Plaintiff training which would have also allowed him to receive commissions was racially discriminatory and substantially motivated by his race.

59.     Defendant Iron City Ford's requiring Plaintiff to work weekends and holidays while white Service Advisors were not required to work those hours was racially discriminatory and  substantially motivated by his race.

60.     Defendant Iron City Ford's denial of paid vacation to Plaintiff while providing it to white Service Advisors was racially discriminatory and  substantially motivated by his race.

61.     To the extent Gordon, Clark and Yaser were hired for a different job than Plaintiff, their hiring was discriminatory and substantially motivated by race.

62.     Defendant Iron City Ford's termination of Plaintiff was racially discriminatory and  substantially motivated by his race.

63.     Defendant Iron City Ford has unlawfully discriminated against the Plaintiff in violation of §1981 and §1983 by terminating him and by the other disparate treatment affecting Plaintiff's pay, training, commissions, work schedules, vacations and other terms and conditions of work both independently and as the successor to Defendant Jim Skinner Ford.

64.     Defendant Iron City Ford did not have a legitimate non-discriminatory reason for its decisions and its conduct outlined above.

## V.     **PRAYER FOR RELIEF**

WHEREFORE PREMISES CONSIDERED, Plaintiff prays for the following relief:

A.  the entry of a declaratory judgment:

   a)     declaring that this court has jurisdiction over the violations of which Plaintiff complains;

   b)     declaring that the Plaintiff is entitled to equitable relief for the violations of which it complains;

B.  the entry of a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys and those acting in concert with the Defendants, and at the Defendants' request, from continuing to violate Plaintiff's  rights pursuant to Title VII and 42 U.S.C. §1981;

C.  that after a full trial of this cause, this Honorable Court will Enter an Order requiring the Defendants to make the Plaintiff whole by instating him to the position he would occupy in the absence of discrimination and retaliation, awarding back-pay, compensatory damages, punitive damages, nominal damages, declaratory relief, injunctive relief, and other make whole relief; and

D.  that this Honorable Court will award Plaintiff his reasonable attorneys' fees and costs of these proceedings.

The Plaintiff further prays for such other relief and benefits as this Court deems appropriate.

Respectfully submitted,

*s/Russell W. Adams*
Russell W. Adams (ASB 3760-a62r)
Rocco Calamusa, Jr. (ASB 5324-a61r)
WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

**PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY.**

*s/Russell W. Adams*
**OF COUNSEL**

12

**PLAINTIFF REQUEST THAT DEFENDANTS BE SERVED WITH SUMMONS AND COMPLAINT BY FIRST CLASS U.S. CERTIFIED MAIL.**

**DEFENDANTS' ADDRESSES:**

Jim Skinner Ford, Inc.
Registered Agent:
Jim Skinner
9924 Parkway E.
Birmingham, Alabama 35215

RDM Automotive,  LLC
d/b/a/  Iron City Ford
Registered Agent:
George M. Taylor, III
420 20th St. N. Ste. 3400
Birmingham, Alabama 35203


*s/Russell W. Adams*
**OF COUNSEL**

13